875 So.2d 850 (2004)
WORLD TRADE CENTER TAXING DISTRICT
v.
ALL TAXPAYERS, PROPERTY OWNERS, AND CITIZENS OF WORLD TRADE CENTER TAXING DISTRICT and Nonresidents Owning Property or Subject to Taxation therein, et al.
No. 2004-C-0572.
Court of Appeal of Louisiana, Fourth Circuit.
May 19, 2004.
*851 Gary J. Elkins, Richard L. Traina, Jordan B. Monsour, Elkins, P.L.C., New Orleans, LA, for Relator (World Trade Center Taxing District).
Joseph R. Ward, Jr., Ward & Condrey, LLC, Covington, LA, for Respondent (Ronnie J. Theriot).
George Denegre, Jr., Robert S. Angelico, Cheryl M. Kornick, K. Todd Wallace, Liskow & Lewis, New Orleans, LA, for Respondent (Greater New Orleans Hotel and Lodging Association).
Fred L. Chevalier, Raedtha A. Vasquez, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, L.L.P., Baton Rouge, LA, for Respondent (WTC Development Limited Partnership).
(Court composed of Judge MICHAEL E. KIRBY, Judge EDWIN A. LOMBARD, Judge ROLAND L. BELSOME).
MICHAEL E. KIRBY, Judge.

STATEMENT OF THE CASE
The World Trade Center Taxing District (relator) seeks supervisory review of the trial court judgment granting defendants, the Greater New Orleans Hotel and Lodging Association and Ronnie J. Theriot, permission to intervene in this litigation.

FACTS
Relator is a statutorily implemented "special taxing district and political subdivision of the state", La. R.S. 33:9039.11, et seq., "Community Development District Act" (the Act), created to foster economic development between the City, the World Trade Center and WTC Development Limited Partnership (WTC) for the renovation, restoration and commercial re-development of the World Trade Center building and parking garage. Relator is statutorily authorized to enter into lease agreements and construction and operating contracts in furtherance of its objective to place the World Trade Center building and garage into commerce. The relator is also authorized: 1) to levy and collect a tax *852 upon the occupancy of hotel rooms, motel rooms and overnight camping facilities within the taxing district, 2) to pledge and assign tax proceeds to WTC for WTC to secure financing for a portion of the project, and 3) to execute an agreement with the City for the collection of the tax.
In compliance with statutory provisions, La. R.S. 13:5121, et seq., on February 17, 2004 relator filed a motion for judgment seeking validation[1] of the contemplated agreements, contracts and transactions. The trial court signed an order for notice of the motion for judgment to be advertised in the Times-Picayune on February 21 and 23, 2004. On March 5, 2004 the trial judge heard the matter, and on March 15, 2004 issued an order granting the relief sought in relator's motion for judgment.
On March 19 and 22, 2004 the Hotel Association and Ronnie J. Theriot, respectively, filed motions to intervene as defendants, opposing relator's request as unconstitutional because, among other reasons, it diverts public funds to a private property developer. Both the Hotel Association and Theriot requested a new trial in their motions to intervene.
On March 24, 2004 the trial court granted the motions to intervene but did not consider the motion for new trial.

DISCUSSION
Relator does not dispute that the Hotel Association and Theriot are interested persons as provided by La. R.S. 13:5126.
Relator argues the lower court's ruling is erroneous because it permits intervention after a final judgment has been rendered, citing La. C.C.P. art. 1091 which provides for intervention in "a pending action". In this case, relator contends that once the trial court rendered its March 15, 2004 judgment, there was no "pending action" within which the defendants could intervene. Relator maintains the trial court erred by: 1) concluding that a judgment is not final until the delay for applying for a new trial has run, 2) failing to consider the codal prohibition (C.C.P. art. 1033) against interventions and incidental actions which retard the progress of the main demand, and 3) ignoring the expedited procedural nature of the bond validation statutes.
Relator cites Thibeaux v. State Farm Mutual Automobile Insurance Company, 285 So.2d 363 (La.App. 3rd Cir.1973) for the proposition that an intervention may be filed only while suit is pending and before judgment on the main demand. Thibeaux is inapplicable because it did not involve a bond validation procedure. Moreover, La. R.S. 13:5122 provides in part:
Law applicable; legislative intent
All suits, actions and proceedings of whatever nature affecting the validity of bonds of any governmental unit, or the interest thereon, or the sale thereof, or the election, if any, authorizing the issuance of said bonds shall be brought only in accordance with the provisions of this Title. These provisions shall supersede all other acts and statutes on the subject and be controlling in all such cases notwithstanding the provisions of any other law or charter to the contrary;.... It is hereby declared that it is the intention of the legislature in enacting this law to provide a uniform, expeditious *853 and equitable procedure with due regard for the public fisc and rights of persons in interest for the judicial determination of the validity of bonds and related proceedings where material and substantial questions with regard thereto are involved or a judicial determination of issues relating to bonds is necessary to insure the marketability of bonds in investment channels ... (emphasis supplied)
Further, La. R.S. 13:5126 provides in part:
Answer by party defendant; intervention by interested parties; ...
... Any property owner, taxpayer, citizen, or other person in interest may become a party to said proceedings by pleading to the motion within seven days after the second publication thereof, or thereafter by intervention upon leave of court ... (emphasis supplied)
Given the expedited nature of the validation procedure, the legislatively expressed intent to provide an equitable process with regard for the public fisc and rights of interested parties, plus the procedural exclusivity language in La. R.S. 13:5122, it appears that the legislature implemented La. R.S. 13:5126 to vest the trial court with discretion as to intervention to safeguard the rights of interested parties. There is no time limitation as to intervention expressed in La. R.S. 13:5126. Additionally, there is no case law on point to confirm or negate the foregoing conclusion.

CONCLUSION
We find no abuse of discretion and deny this writ application.
WRIT DENIED.
NOTES
[1] The purpose of the validation procedure is to determine compliance with state constitutional standards for the use of public funds and the protection of taxpayers, property owners, citizens and nonresident property owners of the taxing district, as well as all other persons affected by the tax.